UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland, Sr., # 12904-171, and Mary A. Penland, <br><br>              Plaintiffs,<br><br>vs.<br><br>State of South Carolina, Department of Revenue, South Carolina Tax Commission,<br><br>              Defendants. | C/A No. 7:07-3203-HFF-WMC<br><br>**Report and Recommendation** |

The *pro se* plaintiff in this case is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC).[1] His wife, who is not incarcerated and is domiciled in Gray Court, South Carolina, is a joint *pro se* plaintiff.[2] The plaintiffs brought this civil rights action seeking injunctive relief; however, the case was not filed in "proper form." On October 18, 2007, the undersigned ordered that the plaintiffs submit certain items within twenty days in order to bring this case into proper form, including motions to proceed *in forma pauperis* (Form AO-240). However, the plaintiffs failed to respond to the October 18, 2007, Order, and they did not submit anything required by that Order.[3] The plaintiffs were warned that failure to provide the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] A report and recommendation is submitted to the district judge because one plaintiff is a non-prisoner *pro se* plaintiff. *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).

[3] The plaintiffs did not pay the filing fee in this case nor did they submit motions to proceed *in forma pauperis*.

necessary documents within the timetable set forth in the Order would subject the case to dismissal. The time to bring this case into proper form now has lapsed. Accordingly, the plaintiffs have failed to comply with an order of this Court.

### Recommendation

This case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). The plaintiffs' pending motion to set aside tax liens should also be dismissed *without prejudice*. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

November 28, 2007

Greenville, South Carolina

***The plaintiff's attention is directed to the very important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).