IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Charles W. Penland, Sr. and | ) | |
| Mary Penland, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 7:07-3203-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State of South Carolina, Department of | ) | |
| Revenue, and South Carolina Tax | ) | |
| Commission, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  In his Report and Recommendation,

Magistrate Judge Catoe recommends dismissing the case for the Plaintiffs' failure to bring the

case into proper form and dismissing the Plaintiffs' motion to set aside tax liens.

The Plaintiffs filed the complaint in the instant case on September 24, 2007.

Subsequently, Charles W. Penland, Sr. ("Penland") filed a motion on September 28, 2007, to

remove tax liens allegedly placed on the Plaintiffs' property by the State of South Carolina.  In

an order dated October 18, 2007, ("October Order") Magistrate Judge Catoe informed the

Plaintiffs that the case had not been brought in proper form and gave the Plaintiffs twenty (20)

days from the date of the order to bring the case into proper form.  (Oct. 18, 2007, Order.)  The

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

Plaintiffs failed to file the documents necessary to bring the case into proper form or otherwise respond to the October Order. Accordingly, Magistrate Judge Catoe recommends dismissing the case based on the Plaintiffs' failure to bring the case into proper form and dismissing Penland's motion to set aside tax liens.

Penland filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of the Report and Recommendation and Penland's objections, the court agrees with the Magistrate Judge's recommendation that the instant case be dismissed for the Plaintiffs' failure to bring the case into proper form. Despite Magistrate Judge Catoe's warning in his October Order that the case would be dismissed should the Plaintiffs fail to bring it into proper form, the Plaintiffs failed to respond to the order. There is no evidence before the court that the Plaintiffs complied with or responded in any way to the October Order. The court does not find Penland's unsubstantiated and self-serving assertion in his objections that he did comply with the order sufficient to alter the Magistrate Judge's recommendation. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the Plaintiffs' complaint and Penland's motion to set aside tax liens,

docket number 2, are dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 5, 2008

## NOTICE OF RIGHT TO APPEAL

The Plaintiffs are hereby notified that they have the right to appeal this order within

thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.